United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-32625 |
| VICTORIA LANEAL CARR, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| PNC BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 25-3639 |
| | § | |
| VICTORIA LANEAL CARR, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

A very short trial of 28 minutes was held on February 13, 2026. The facts of this case are uncontested. The debtor purchased a 2022 Chevrolet Silverado Pickup (the "Pickup") and financed the vehicle with the plaintiff, PNC Bank, N.A. ("PNC"). The debtor then caused the Pickup to be used by a third party, Jody Caldwell ("Calwell"), ostensibly in exchange for Caldwell making the monthly payments and insuring the Pickup. The Pickup was then wrecked, there was no insurance, and the Pickup was sold by the body shop which repaired the Pickup and was unpaid. PNC was also unpaid, resulting in a loss to PNC. The transaction is described in slightly more detail in the Joint Pretrial Statement (ECF No. 27) which the Court adopts for all purposes. For the reasons so stated the Court holds the debt owed to PNC Bank, N.A. by the debtor Victoria Laneal Carr to be nondischargeable.

The transaction above occurred between the debtor, her husband and Caldwell. At no time did PNC consent to the transaction, nor was it ever aware of it. The testimony at trial is that neither

the debtor, her husband nor Caldwell ever discussed or made PNC aware of the transaction, the wreck, the Pickup was in a body shop or that the body shop had sold the Pickup. PNC was unaware of what occurred until after the Pickup was sold and they had no recourse.

PNC's adversary complaint raises claims under 11 U.S.C. § 523(a) as to dischargeability of the debt and 11 U.S.C. § 727 as to discharge of the debtor. As to the claims that the debtor should not be discharged under Section 727(a)(5), the Court notes that the Joint Pretrial Statement is silent as to this cause of action and the Court considers it waived. Irrespective of waiver the prayer in the complaint is under Section 727(a)(5) which requires the debtor to satisfactorily explain a loss of assets. The Court holds that the debtor has explained the loss of the asset, even though not optimal for PNC, which suffered a loss. The acquisition of Pickup and its disposal is not in controversy unlike a case where there is an unexplained loss of cash or other property with no proof of disposal.

However, the Court holds that under Section 523(a) silence is not golden. With respect to a false representation, the Fifth Circuit and other circuits "have overwhelmingly held that a debtor's silence regarding a material fact can constitute a false representation actionable under Section 523(a)(2)(A)."[1] "When one has a duty to speak, both concealment and silence can constitute fraudulent misrepresentation; an overt act is not required. Moreover, a misrepresentation need not be spoken, it can be made through conduct."[2]

Additionally, "[a]n intent to deceive may be inferred from 'reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation.'"[3]

---

[1] *In re Acosta*, 406 F.3d 367, 399 (5th Cir. 2005) (quoting *In re Norris*, 70 F.3d 27, 30 n.12 (5th Cir. 1995)), *abrogated on other grounds by Ritz*, 136 S. Ct. at 1581.
[2] *In re Mercer*, 246 F.3d 391, 404 (5th Cir. 2001).
[3] *In re Acosta*, supra at 373. The Court also notes that on page 8 of the Statement of Financial Affairs filed by Carr in Case No. 25-32625 at ECF No. 5, the debtor states that she did not transfer any property.

The Court holds that PNC has met its burden as to nondischargeability under 11 U.S.C. § 523(a)(2)(A) for actual fraud, as the creditor has demonstrated the following by a preponderance of the evidence based on the Court's holding of silence regarding a material fact and a reckless disregard under the circumstances:

(1) the debtor made representations;
(2) at the time they were made the debtor knew they were false;
(3) the debtor made the representations with the intention and purpose to deceive the creditor;
(4) that the creditor relied on such representations; and
(5) that the creditor sustained losses as a proximate result of the representations.[4]

Therefore, the debt owed by Carr to PNC Bank, N.A. is nondischargeable. A separate final judgment will be entered.

SIGNED 02/13/2026

Jeffrey Norman
United States Bankruptcy Judge

---

[4] *Bates v. Selenberg (In re Selenberg)*, 856 F.3d 393, 398 (5th Cir. 2017).